

RECEIVED
FEB 19 2008
FEB 19 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>NORTHERN</u> DISTRICT OF <u>ILLINOIS</u>
<u>EASTERN</u> DIVISION

STEVIE JONES                   ;  *
           PETITIONER;            *
                                  *
    vs.                           *   08CV 1017
                                  *   JUDGE COAR
                                  *   MAGISTRATE JUDGE DENLOW
UNITED STATES OF AMERICA;         *
UNITED STATES ATTORNEY'S OFFICE   *
FOR THE <u>WESTERN</u> DISTRICT   *
OF <u>MICHIGAN</u>      ;         *
           RESPONDENTS;           *

PETITIONER'S PETITION FOR WRIT OF MANDAMUS
ALTERNATIVELY PETITIONER'S MOTION TO COMPEL

COMES NOW, <u>STEVIE JONES</u>, pro se [hereafter referred to as "Petitioner"] and hereby moves this Honorable Court, pursuant to 28 U.S.C. § 1361 to issue an ORDER compelling the United States of America, by and through the United States Attorneys' Office for the Western District of Michigan, to certify to the United States Attorney's Office for the Northern District of Illinois, substantial assistance provided by him in the investigation and/or prosecution of others involved in criminal activity, and to further recommend to the sentencing district, that a sentence reduction motion, pursuant to Fed.R.Crim.P. 35(b), be filed therein requesting that the sentence be reduced to reward him. In support hereof, the Petitioner states as follows.

## STATEMENT OF THE CASE

[A] <u>Course of Proceedings and Disposition in Court Below</u>

On <u>May 26, 2004</u>, the Petitioner herein was convicted, by entry of guilty plea, to <u>Conspiract To Possess With Intent To Distribute Cocaine And Marijuana (Count One) and Counts Seven, Eleven, Thirteen, Fifteen, Seventeen and Twenty-Four, various substantive counts/charges.</u>

On <u>March 11, 2005</u>, the Petitioner herein was sentenced to a term of imprisonment for <u>198</u> months to be followed by <u>5</u> years Supervise Release.

A direct appeal [ ] was [ X ] was not filed in this case.

[B] <u>Statement of Facts</u>

The facts relevant to the instant Petition rests with the substantial assistance provided by the Petitioner herein in the investigation and/or prosecution of others involved in criminal activity.

The Petitioner herein entered into a plea and cooperation with the Government which provided him the opportunity to cooperate and earn a sentence reduction consideration.

In honoring his part of the agreement, the Petitioner herein provided the following substantial assistance to the Government. <u>During the course of my criminal prosecution in the Northern District of Illinois, I agreed to cooperate and testify against my codefendant Majin Veasenor, who proceeded to a jury trial.</u>

-2-

While I was waiting to testify, Agent Patrick Kelly, from the Western District of Michigan, questioned me regarding my involvement with Muss Brown. This incident occurred around February 2006, when I was returned to Illinois on Writ. In or about June 2006, I was returned to the Western District of Michigan on Writ, at the request of AUSA Mark V. Courtade. Upon my arrival there, I was debriefed once, and then I appeared before the Federal Grand Jury and provided testimony regarding my drug activities/involvement with Muss Brown. Following my testimony before the Grand Jury, and during a further discussion with AUSA Courtade, I was told that my assistance was substantial and that it warranted a sentence reduction of 3 to 5 years. At this point, I was returned to USP-Atlanta. At a later point, I became concerned about my safety and contacted AUSA Courtade for assistance, to which he responded positively. [See Exhibit A] I understood that I would be called to testify should Brown proceeded to a jury trial. I fully understood that my sentencing prosecutor/district would be contacted and advised of my cooperation and further that a sentence recommendation would be requested. However, to date, no such compliance has been made.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## RELIEF REQUESTED

The Petitioner herein respectfully request that this court grant the following relief:

[A]  An order of Mandamus compellint the Government to file a Rule 35(b) Motion therein outlining substantial assistance provided by him in the investigation and/or prosecution of others; or

[B]  An Order compelling the Government to file a Rule 35 (b) Motion outlining substantial assistance provided by him; and/or

[C]  A evidentiary hearing hereon.

## MEMORANDUM OF LAW AND AUTHORITY

### [1] MANDAMUS RELIEF

28 U.S.C. § 1361 provides that " the district court shall have original jurisdiction on any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." id. The issuance of a writ of mandamus under § 1361 is an extra-ordinary remedy and should be awarded in extraordinary situations. see Mallard v. United States, 490 U.S. 296 (1989); Cash v. Barnhart, 327 F.3d 1252 (11th Cir. 2003).

In Cash, the Eleventh Circuit held that "[A]lthough the issuance of a writ of mandamus is 'a legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion.'" id. 327 F.3d at 1257-58. Cash went on to state that "[T]he test for jurisdiction is whether mandamus would be an appropriate means of relief." id. (citing Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980). Thus, under Cash, mandamus relief would be available when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." id. 327 F.3d at 1258. Put another way, a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." id. (citing Heckler v. Ringer, 466 U.S. 602 (1984)); see also Lifestar v.

<u>Ambulance Service, Inc. v. United States</u>, 365 F.3d 1293 (11th Cir. 2004)("Mandamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief.") (citing <u>Heckler</u>, 466 U.S. 602))

"In resolving whether section 1361 jurisdiction is present, allegations to the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction." <u>Cash</u>, 327 F.3d 1252.

In the instant case at bar, the Petitioner herein asserts that he has satisfied the requirements for the issuance of a order of mandamus in this case. That is, the Petitioner herein has (i) established a clear right to the requested relief, (ii) that the Respondent/Defendant has a clear duty to act, as requested, and that he has no other remedy available whereby relief may be sought and granted. Accordingly, a order of mandamus should issue in this case.

[A]  <u>Petitioner herein has a clear right to the relief requested</u>

The plea and cooperation agreement which Petitioner herein entered into, provided him the opportunity to cooperate with law enforcement officials in the investigation and/or prosecution of others involved in criminal activity, for the sole purpose of securing a sentence reduction motion/recommendation.

The petitioner herein has presented sufficient facts to clearly establish that he indeed performed under the terms contem-

plated by the plea agreement. Accordingly, the Petitioner herein has established a clear right to the the requested relief.

[B] <u>Respondent(s) has a clear non-discretionary duty to act</u>

The Petitioner having subsequent assistance to the government concerning others who had committed crimes, as contemplated by the terms of the plea agreement, a clear ministerial and nondiscretionary duty to comply with the terms of the agreement rests with the Respondent(s).

The Petitioner herein submits the following in support of this contention.

Rule 35(b), Fed.R.Crim.P., as amended, provided for as follows:

> (b) Reducing a Sentence for Substantial Assistance
>
>> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if;
>>
>>> (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>>>
>>> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
>>
>> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>>
>>> (A) information not known to the defendant until one year or more after sentencing;
>>>
>>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the gov-

ernment until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonable apparent to the defendant.

<u>Section 994, Title 28, United States Code</u>, delineates the duties of the Sentencing Commission, including but not limited to promulgate policy.

Accordingly, departures constitutes a part of the Policy Statements as set forth in part 4(b) of the Policy Statement, U.S. Sentencing Guidelines, and provides:

<u>Section 553(e), Title 18, United States Code</u> provides that "Upon motion of the government, the court shall have the authority to impose a sentence below the level established by statute as a minimum sentence as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who committed an offense. Such sentence shall be imposed in accordance with guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of Title 28, United States Code."

In the instant case at bar, the prosecuting authority entered into an agreement which required the Petitioner herein to provide substantial assistance in the investigation and/or prosecution of others involved in criminal activity. In return, the government agreed to file a substantial assistance motion with this court, therein fully advising the court as to the full nature of cooperation provided by the Petitioner, and to further request a downward departure. However, the government, in this case, refuses to comply with the terms of the plea agreement and move this

court for a sentence reduction motion.

In Clark v. United States, 55 F.3d 9 (1st Cir. 1995), the court made it clear that the government is bound by its promises. If the Petitioner has lived up to the terms of the agreement, the prosecutor is held to a "[M]eticulous standard" of promise and performance. The standard of performance to which the prosecutor is held, when a petitioner has performed, and the government refuses to perform mandates that the petitioner must receive what is reasonably due him under the terms of the agreement. Clark, supra.; see also United States v. Watson, 988 F.2d 544 (5th Cir. 1993)("If prosecutor makes and does not keep promise to file motion for downward sentencing departure based on defendant's substantial assistance and promise is material to guilty plea, court must allow defendant to withdraw plea and start over.")

In United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.) cert. denied, _____ U.S. _____, 112 S. Ct. 420, 116 L. Ed.2d 440 (1991), the Fourth Circuit held that "[O]nce Government uses its discretion under sentencing guideline regarding substantial assistance motion as bargaining chip in plea negotiation process, that discretion is circumscribed by terms of agreement and task of trial court is to determine if Government has in fact agreed to make motion in return for substantial assistance and, if so, whether defendant satisfied his contractual obligations."

The record makes clear that Petitioner herein has established through the record, that the government has and/or had a clear

non-discretionary duty to perform the act requested. The guilty plea required that the Petitioner herein plead guilty and to cooperate with law enforcement officials in the investigation and/or prosecutions of others involved in criminal activity. The Petitioner herein has complied, by pleading guilty and cooperating, by providing substantial assistance to the government. However, the government has failed in its duty to inform this court of the extent of cooperation provided by him, which would justify a sentence reduction consideration. The conclusion of cooperation by the Petitioner, which is/was determined to have been substantial, mandates a non-discretionary duty in the government to act.

[C]   The Petitioner has no other Remedy available to him

The Petitioner herein avers that he has no other remedy available to him whereby relief may be sought and granted.

The Petitioner herein is precluded from raising his claim in a 28 U.S.C. § 2255 Motion as the time limitation imposed by the Antiterrorism And Effective Death Penalty Act of 1996 has expired. The law provides the Petitioner with no other remedy to assert his claim and no alternative "avenue of relief." see Mallard, supra.

Because the Petitioner herein has established a clear right to the requested relief, a clear non-discretionary duty in the government to act and no available alternative remedy, the Petitioner is entitled to mandamus relief. Cash, supra. Mallard, supra.

CONCLUSION

WHEREFORE based upon the foregoing, the Petitioner herein respectfully request the following relief:

[1]  That the prosecutor for the Western District of Michigan, specifically, AUSA Courtade, be directed to certify substantial assistance provided by Jones, to the prosecuting authority in the Northern District of Illinois, and further to recommend that a sentence reduction motion be filed with Jones' sentencing judge.

Respectfully submitted this ___ day of February ,2008.

STEVIE JONES, PRO SE
REG. NO. 11523-040
FCI-ATLANTA
P. O. BOX 150160
ATLANTA, GA  30315

## DECLARATION OF PETITIONER

I, the undersigned, declare (or certify, verify, or state) under penalty of perjurt that I am the Petitioner in the foregoing "Petitioner's Petition For Writ Of Mandamus Alternatively Petitioner's Motion To Compel" that I have read the foregoing Petition, that I have personal knowledge of the facts and matters contained therein, and that each of these facts and matters are true and correct.

Signed under penalty of perjury this 11th day of February, 2008.

STATE OF GEORGIA

COUNTY OF FULTON

STEVIE JONES

SWORN AND SUBSCRIBED TO BEFORE ME THIS
_11th_ DAY OF _February_, 2008.

_____
NOTARY PUBLIC

[Notary seal: KENDALL TALLEY, NOTARY PUBLIC, CLAYTON COUNTY, GA, MY COMMISSION EXPIRES AUGUST 28, 2011]

CERTIFICATE OF SERVICE

I, the undersigned, certify that I have on this _11th_ day of _February_ 2008 served a true and correct copy of the foregoing upon the below listed parties by dropping same in the mail, proper postage attached thereto and addressed as follows.

Attorney General Of United States
950 Pennsylvania Avenue, Room 4400
Washington, D.C. 20530

United States Attorney's Office
Western District of Michigan
C/O AUSA Mark V. Courtade
Post Office Box 208
Grand Rapids, Michigan  49501-0208

United States Attorney's Office
Eastern District of Illinois
219 S. Dearborn Street, 5th Floor
Chicago, Illinois  60604

Signed under penalty of perjury this _11th_ day of _February_ 2008.

STEVIE JONES, PRO SE
REG. NO. 11523-040
FCI-ATLANTA
P. O. BOX 150160
ATLANTA, GA  30315



# U.S. Department of Justice

*Margaret M. Chiara*
*United States Attorney*
*Western District of Michigan*

---

*5th Floor, The Law Building*
*330 Ionia Avenue, NW*
*Grand Rapids, Michigan 49503*

*Mailing Address:*
*United States Attorney's Office*
*Post Office Box 208*
*Grand Rapids, Michigan 49501-0208*

*Telephone (616) 456-2404*
*Facsimile (616) 456-2408*

July 20, 2006

Stevie Louis Jones #11523-040
Newaygo County Jail
P.O. Box 845
White Cloud, MI 49349

Re:   Your letter of July 6, 2006

Dear Mr. Jones:

    I am responding to your letter of July 6th in which you wrote to me about our conversation and possibly getting you transferred out of the prison in Atlanta due to security concerns.

    Two things: First, I would have responded sooner, but I was out of the office for a week after your letter got here; Second, I didn't know you were still in Newaygo as I thought you were being shipped out soon after you testified.

    As I promised, I sent an e-mail and called the prison for you. Attached is a copy of the e-mails I sent and received from the prison. I also called them. According to the BOP, the security designation for Atlanta was changed and most of the prisoners that were there in January through March have now been moved out, thus there is no "institutional memory" of your having been pulled out for testimony last year or even earlier this year. They have told me that the Atlanta facility is supposedly the closest one to your family. If you have a wife or family in Michigan, you might ask them to correct their records, because they think they are doing you a favor by keeping you closer to your parents or some other relatives by having you in Atlanta.

    I will reach out to Chicago AUSA's after our case is indicted so that I can have something substantial to show them. If, in the meantime, there are any other issues you would like me to address, don't hesitate to write or call at (616) 456-2404.

EXHIBIT A

Subject: RE: Inmate Stevie Louis Jones

Thank you for the reply. All is, hopefully, well. Have a great weekend.

Mark Courtade

-----Original Message-----
From: Mowrey, Luann
Sent: Friday, June 23, 2006 9:05 AM
To: Courtade, Mark V. (USAMIW)
Cc: Branch, Michael
Subject: Re: Inmate Stevie Louis Jones

Mr. Courtade -

Captain Branch forwarded your e-mail and requested I respond to your inquiry.

You have requested possible redesignation consideration for Stevie Jones, an inmate currently assigned to USP Atlanta.

An investigation into your request reveals, USP Atlanta has undergone a major mission change from a high security level facility to a medium security level facility. Subsequently, almost the entire original population of high security level inmates have been moved to USP Coleman II, located in Florida.

We have back filled the facility with medium security level inmates, most of whom were not here when Mr. Jones originally departed this facility in January 2006, on his first writ activity.

Mr. Jones is a medium security level inmate, and is appropriate for our new population. His home of record is Marietta, Georgia. USP Atlanta is the closest medium security level facility to his home. Mr. Jones will be returned to his parent institution, and we will monitor his progress of adjustment. Upon his return, he will be interviewed and advised of protective custody procedures in the event he determines placement in general population is not prudent. If protective custody is requested, an investigation will be conducted to determine the validity of the request. If the situation is verified, a Request for Redesignation will be submitted on his behalf. If unverified, he will remain in our special housing unit for 18-24 months as an unverified protective custody case, prior to a request for movement.

If he has any additional separation needs, please advise. I trust this information addresses your concerns. Please do not hesitate to contact me if you have any further questions or concerns.

Luann Mowrey
Case Management Coordinator
(404) 635-5521

EXHIBIT A CON'T

\>\>\> Mark Courtade 6/22/2006 4:22 PM \>\>\>
Captain Branch:

I am an Assistant United States Attorney in the Western District of Michigan at Grand Rapids.

I have an inmate of yours up here for Grand Jury: Stevie Louis Jones, DOB 9/30/1967. He's a bit nervous about coming back to Atlanta and he asked that I contact you.

Apparently he was pulled out late last year and sent to Chicago to testify and just got back to Atlanta when, a month or so later, I pulled him out to come to Michigan. Jones testified for me about historical information in an OCDETF case -- he knew my target and dealt with him from 1990 through about 1996 (old stuff). He had previously testified in our district in an armed bank robbery case. I don't know what his testimony was about in Chicago.

In any event, he is really concerned that he has now been pulled out of Atlanta twice in less than 6 months and it is pretty clear that this was done in order to have him testify in other criminal cases. My case won't be ready to indict for several months, so I am putting him back in the system rather than keeping him here. This means he may get pulled out again late this year or early next year. Needless to say, the prospect of being pulled out again from Atlanta to testify has him concerned for his safety.

He told me that he is going to have to go into segregation again and would like, if at all possible, to simply be moved to another prison because he feels that he has burned too many bridges to have credibility with the inmates in Atlanta at this point. He wanted his name "red flagged" (whatever that means).

If you need more information, please feel free to call me at (616) 456-2404.

Mark Courtade
Assistant United States Attorney
Western District of Michigan

EXHIBIT A CON'T